# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID BASTIN,** | ) |
|     **PLAINTIFF,** | ) |
| **VS.** | )    2:07-cv-1995-JHH |
| **JEFFERSON COUNTY, ALABAMA, and CITY OF FAIRFIELD, ALABAMA,** | ) ) |
|     **DEFENDANTS.** | ) |

## MEMORANDUM OF DECISION

This action was commenced April 26, 2006 in the Circuit Court of Jefferson County, Alabama against Jefferson County Sheriff's Department, Jefferson County Circuit Clerk, Bessemer Division, City of Fairfield and fictitious defendants. The complaint consisted of only one count endeavoring to allege a state law negligence claim associated with a failure to release plaintiff from the Jefferson County Jail, Bessemer Division, timely after charges against him by the City of Fairfield were dismissed. Following a hearing on the motion of Jefferson County Sheriff's Department seeking a dismissal as to it on the basis that it is not a legal entity, an amended complaint was filed September 21, 2006 dropping all

originally named defendants except the City of Fairfield and the fictitious parties and adding Jefferson County, Alabama as a defendant.[1]  The amended complaint, like the original complaint, consisted of only one count endeavoring to allege a state law negligence claim associated with a failure to release plaintiff from the Jefferson County Jail, Bessemer Division.

On October 5, 2007 plaintiff filed a second amended complaint against Jefferson County, Alabama, the City of Fairfield, Alabama and fictitious defendants.  That second amended complaint contained two counts, both endeavoring to allege only 42 U.S.C. § 1983 claims of deprivation of civil rights under color of state law.

The named defendants have filed separate motions to dismiss the second amended complaint for their responses as required by the November 1, 2007 order. (See Docs. #4-5)   The motions of the only named defendants correctly point out that the two claims sought to be stated against them fail to state a claim under § 1983 upon which relief can be granted.   The court agrees as there is nothing in the amended complaint even suggesting that any acts were done intentionally by either named defendant.  Indeed, quite the contrary is apparent as both claims are

---

[1] The caption of the amended complaint also listed Jefferson County Circuit Clerk Bessemer Division but such party was not mentioned or referred to in the body of the amended complaint.

expressly predicated only upon the theory of *respondeat superior*. See Belchor v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994).

The court is satisfied that plaintiff's second amended complaint, filed October 5, 2007 in the Circuit Court of Jefferson County, Bessemer Division, and properly removed to this court on October 30, 2007, totally fails to assert a § 1983 claim against either defendant upon which relief can be granted.[2]

As such, the motions to dismiss (Docs. #4-5) are due to be granted, and a separate order dismissing this action without prejudice to any subsequent state law claims will be entered.

**DONE** this the   27th   day of November, 2007.

*/s/ James H. Hancock*
_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The court reaches this conclusion without considering the affidavit attached to the motion of Jefferson County, Alabama to dismiss.